UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MURPHY J. WILSON                                       CIVIL ACTION

VERSUS

GMFS, LLC, ET AL.                             NO: 18-CV-00840-BAJ-RLB

### RULING AND ORDER

Before the Court is **Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and Declaratory Relief (Doc. 19)**. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Oral argument is not required. For the reasons stated below, Plaintiff's motion is DENIED.

### I. FACTUAL BACKGROUND

Murphy J. Wilson ("Plaintiff") alleges that his house will be sold "within the next week" and seeks a temporary injunction on the sale to maintain the status quo and avoid eviction. (Doc. 19 at p. 1). Plaintiff accuses GMFS, LLC, Specialized Loan Servicing, LLC; Federal Home Loan Mortgage Corporation, Issuing Entity Trust Freddie Mac Multiclass Certificates, Series 4710, John Doe 1, and Does 1-100, inclusive ("Defendants") of "selling [him] a loan product that [Defendants] knew or should have known [he] would never be able to fully pay back." (Doc. 19 at p. 4). Specifically, Plaintiff claims that on or about July 31, 2017, he executed a consumer credit transaction with GMFS, LLC by obtaining a $313,555.00 mortgage loan

1

secured by Plaintiff's residence, 3282 Meadow Grove Avenue, Zachary, Louisiana 70791. (Id.). Plaintiff further alleges that the note was secured by a deed made out to GMFS, LLC. (Id.). Plaintiff claims generally that the terms of the transaction are not clear, and are "illegal" and violative of "several statutes."[1] (Id.). Plaintiff also alleges that the loan was underwritten without GMFS having done due diligence to verify Plaintiff's income. (Id.). The result of these actions, according to Plaintiff, is that GMFS, LLC "illegally, deceptively, or otherwise unjustly" qualified Plaintiff for a loan that GMFS, LLC knew or should have known Plaintiff could never repay. (Id.).

## II. LEGAL STANDARDS

### A. Injunctive Relief

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

---

[1] Nowhere in the instant motion does Plaintiff elaborate on which statutes the terms of the transaction allegedly violate, nor does Plaintiff expound on what parts of their agreement was unclear.

2

At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

### B. Service

Federal Rule of Civil Procedure 5 sets forth the service requirements for any motion filed in federal court. Specifically, unless the Rules state otherwise, a written motion, except for those that may be heard *ex parte*, must be served on every party. Fed. R. Civ. P. 5(a)(1)(D). A certificate of service is also required to be included with any filings not submitted to the Court by way of electronic filing. Fed. R. Civ. P. 5(d)(1)(B).

### III. DISCUSSION

Fed. R. Civ. P. 65 provides:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

3

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff does not include a certificate of service with the instant motion, nor does Plaintiff provide the Court with a certification of efforts made to serve Defendants. Plaintiff's motion was not filed by way of electronic filing. Therefore, pursuant to Fed. R. Civ. P. 65, without a showing of harm so imminent such that it would allow no time for Defendants to respond, the instant motion must be denied. The Court finds no evidence that the harm Plaintiff claims he will suffer is so immediate that Defendants could not be noticed or given the opportunity to respond or appear at a hearing to discuss the merits of Plaintiff's motion. Plaintiff generally alleges that his home will be sold "within the next week." (Doc. 19 at p. 1). Plaintiff offers no other indication concerning when such sale will take place. The Court finds that this single sentence, without more, is utterly insufficient to establish that Plaintiff could not serve Defendants in this matter, despite the alleged threat of imminent irreparable harm. This is especially true as, according to Plaintiff, Defendants are the party in control of when Plaintiff's home will be sold, and ostensibly have the power to postpone the sale to accommodate any order issued by the Court setting a hearing date or response date.

Moreover, this is not the first time that Plaintiff has attempted to block foreclosure proceedings involving his home. Plaintiff filed a previous **Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory**

Relief **(Doc. 13)** in this matter. The Court denied Plaintiff's motion without prejudice on December 19, 2018. (Doc. 17). Plaintiff filed an **Amended Complaint (Doc. 12)** which was stricken from the record by the Magistrate Judge for not having obtained permission from the Court or opposing party to file the amended complaint. (Doc. 15). Currently pending before the Magistrate Judge is a motion to file yet another **Amended Complaint for Damages. (Doc. 19).** The Court is concerned that Plaintiff's filings in this matter border on frivolous and vexatious,[2] and serve only to delay and obstruct Defendant. The Court admonishes Plaintiff to take heed that the Court is not his tool to delay foreclosure proceedings against him by filing long, meandering, frivolous, pleadings, but rather a forum wherein he may state his case utilizing arguments and law pertinent to the facts and hand, having followed all applicable rules of Court.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and Declaratory Relief (Doc. 19)** is **DENIED**.

Baton Rouge, Louisiana, this 12th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[2] In Plaintiff's complaint, he appears to have merely copied and pasted case law from opinions of various district courts in Texas, none of which have any bearing on the issues pertinent to this case.